# H. D. JOHNSON v. STATE.

No. A-8261. Sept. 19, 1931.
(3 Pac. [2d] 246.)

J. E. Falkenberg, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Grant county of burglary in the second degree and was sentenced to serve a term of three years in the penitentiary.

Defendant was charged jointly with two others with breaking and entering a store building in the town of East Lamont with the intent to steal. The evidence amply sustains the judgment. The record discloses the following: After the case had been submitted to the jury and they had deliberated for some time, they returned into court and tendered a verdict as follows: "We the jury impanelled and sworn to try the issues in the above entitled cause, do on our oaths find the defendant guilty and fix his punishment at two years in the penitentiary, and we ask that the jail sentence be stricken." The court declined to receive this verdict and directed the jury to return and reform it. Later they returned a verdict as follows: "We, the jury, impanelled and sworn to try the issues in the above entitled cause, do upon our oaths, find the defendant guilty as charged in the information, but we fail to agree upon his punishment and his punishment is, therefore, left to be fixed and assessed by the court."

The principal error complained of is that the court erred in not receiving the verdict as first returned, in which the punishment of defendant was fixed at two years in the penitentiary. The verdict first tendered was valid. Knopp v. State, 49 Okla. Cr. 416, 295 Pac. 228. The jail

time referred to in the verdict was the time defendant had been incarcerated in the jail of Grant county while awaiting trial and is a recommendation that this jail time be credited on the two years fixed by the verdict. This was a matter not within the province of the jury; that part of it recommending that defendant's jail time be stricken is surplusage. It was not error for the court to send the jury out to reform or to correct the verdict by striking out the recommendation. Apparently the jury could not agree upon this and disposed of the matter by leaving the punishment to the court. In view, however, of the fact that the jury by the verdict first tendered did agree on the minimum punishment, this court will modify the judgment by reducing it from three years in the penitentiary to two years in the penitentiary.

As modified, the case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.